

**ORDERED in the Southern District of Florida on June 15, 2017.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                             CASE NO.: 15-17385-BKC-RAM
                                                                   Chapter 7
**GRASS ROOTS AMERICA, INC.**

_____Debtor._____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION TO COMPROMISE CONTROVERSY WITH FRANCISCO DIAZ**

**THIS MATTER** having come before the Court upon *Trustee's Motion to Approve Stipulation to Compromise Controversy with Francisco Diaz* (the "Motion") [ECF 128], and the Court, having reviewed the Motion, the Stipulation[1] attached to the Motion, having noted

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

that no objections to or requests for hearing on the Motion have been filed, and the movant, by submitting this form of Order, having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of Order was attached as an exhibit to the Motion, finds:

     A.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and authority to enter this Order pursuant to 11 U.S.C. § 105(a).

     B.     The form and means of the notice of the Stipulation and the Motion are hereby determined to have been the best notice practicable under the circumstances and to be good and sufficient notice to all persons whose interests would or could be affected by this Order.

     C.     The Court has been apprised of the negotiations that preceded the Stipulation and finds that the Stipulation is a result of arms-length bargaining among the Trustee and Francisco Diaz ("Diaz," and together with the Trustee, the "Parties") and represents a good faith compromise and resolution of the matters settled. There is no evidence that the Stipulation is the result of collusion among the Parties or that there has been any intent to prejudice the persons who, or the entities which, will be subject to this Order.

     D.     The legal and factual bases set forth in the Motion establish that the Stipulation represents a fair, reasonable, and adequate resolution of the matter in dispute among the Parties, and in light thereof, the Court finds that the Stipulation, including but not limited to the release provisions in Paragraphs 6 and 7 of the Stipulation, is fair and equitable with respect to creditors in this bankruptcy case, and is in the best interest of this bankruptcy estate and otherwise meets the criteria set forth in *Wallis v. Justice Oaks II, Ltd.* (In re *Justice Oaks II, Ltd.*), 898 F.2d 1544 (11th Cir. 1990).

Accordingly, it is

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce or interpret the terms thereof.

# # #

Submitted by:

Joshua D. Silver
Tabas & Soloff, P.A.
25 S.E. 2nd Avenue, Suite 248
Miami, Florida 33131
Telephone:    (305) 375-8171
Facsimile:    (305) 381-7708
Email:  jsilver@tabassoloff.com

Copy furnished to:

Joshua D. Silver

Joshua D. Silver is hereby directed to serve copies of this Order on all interested parties and to file a Certificate of Service.